IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| HENRY G. REESE,<br><br>    Petitioner<br><br>VS.<br><br>JAMES LANIER,<br><br>    Respondent | NO.  3:09-CV-14 (CDL)<br><br>PROCEEDINGS UNDER 28 U.S.C. § 2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION TO DISMISS

Before the court is James Lanier's motion seeking dismissal of the instant habeas corpus petition. Tab #11. In his brief in support of the motion, respondent Lanier avers that, prior to filing the instant action, petitioner Henry G. Reese failed to exhaust his available state remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner Reese has responded to the respondent's motion.[1] Tab #17.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2006, in the Superior Court of Morgan County, Georgia, petitioner Henry G. Reese pled guilty to the felony offense of Theft by Taking. He was sentenced to a fine of one-thousand-three-hundred-fifty-five-dollars ($1355.00), ten (10) years to be served on probation, and banishment from Morgan County, Georgia for the duration of the sentence. On May 9, 2007, after failing to report to his probation officer and failing to pay fines and fees as directed, petitioner Reese was brought back before the Superior Court of Morgan County where he was found to have violated the terms of his probation. Consequently, his sentence on probation was modified requiring him to serve ninety (90) days in the Morgan County Jail, suspended upon entry into a diversion center where he was to remain until all fines and fees were paid or until he was released by the center director.

---

[1] Petitioner Reese's responses to the motion seeking dismissal came in the form of a MOTION NOT TO DROP CIVIL ACTION 3:09-cv-14 (Tab #17), a MEMORANDUM IN SUPPORT (Tabb #18), and a MOTION TO REDUCE SENTENCE (Tab #19).

On August 2, 2007, petitioner Reese failed to return the diversion center. On May 21, 2008, after being located and arrested, he was brought back before the Superior Court of Morgan County for a probation revocation hearing. The court found that by failing to return to the diversion center, the petitioner had violated the terms of his probation. The court then revoked six (6) years of the petitioner's remaining probated sentence and terminated any remaining balance in excess thereof. Thereafter, on January 12, 2009, the petitioner filed the instant petition. Tab #1.

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

## DISCUSSION

With the exception of the petitioner's recent assertion that he was somehow prevented from exhausting any available state remedies on the basis of his custodians' alleged refusal to permit him sufficient time in the law library, there is no indication whatsoever that petitioner Reese has even attempted to access or exhaust any available state remedies. Moreover, the fact that petitioner Reese was able to prepare and file the instant petition and several other pleadings containing numerous case citations undermines and calls into question the veracity of his argument that he was prevented from pursuing a state remedy.

**CONCLUSION**

Having considered the respondent's motion seeking dismissal, and in view of the above, it is apparent that petitioner Reese has not availed himself of *any* state remedies available to him. Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS be **GRANTED** and that Reese's petition be **DISMISSED** *without prejudice* to his right to refile once he has exhausted his state remedies, **PROVIDED** he is otherwise permitted by law to so proceed.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 14th day of DECEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE